**Alvin Howard CANELL, et al., Plaintiffs,**

v.

**Nick ARMENIKIS, Security Superintendent, OSP; Manfred Maass, Superintendent, Oregon State Penitentiary; Frank Hall, Director, Oregon Department of Correction, in individual and official capacities, Defendants.**

**No. CV 93–962–PA.**

United States District Court,
D. Oregon.

Dec. 15, 1993.

---

### ORDER

PANNER, District Judge.

Plaintiffs Alvin Canell and Brandon Tyler, inmates at the Oregon State Penitentiary, bring this 42 U.S.C. § 1983 action against defendants Frank Hall, Manfred Maass, and Nick Armenikis. Defendants move to dismiss for failure to state a claim. I grant the motion.

### DISCUSSION

Plaintiffs object to the presence of female guards who view inmates unclothed and while performing bodily functions. Plaintiffs also allege that the "deprived female gaurds (sic) act like cats in a fish market", and complain that "defendants policies cannot stop female guards from shopping for male flesh." This case is distinguishable from *Canell v. Beyers,* CV 93–741, —— F.Supp. —— (D.Or.1993), because, in spite of the colorful metaphors, plaintiffs never allege that the viewings are gratuitous or unrelated to legitimate penological purposes. Indeed, plaintiffs complain of one female guard "stopping

784

to talk with people about her french fluency and other non penological matters," and another female guard who "shopped around on the tiers found an admirer and passed notes and letters among other things ..." Thus plaintiffs' objection is aimed at the presence of women in general, and not just gratuitous viewings of plaintiffs' unclothed bodies. Moreover, the requested injunctive relief seeks restrictions upon the presence of female guards, but not male guards.

The present case is also distinguishable from *Michenfelder v. Sumner,* 860 F.2d 328 (9th Cir.1988) and *Grummet v. Rushen,* 779 F.2d 491 (9th Cir.1985). The viewings alleged here are not infrequent, casual, or at a distance, but rather are up-close, frequent, and at least predictable if not at times intentional.

Accordingly, the question presented here, which has apparently never been decided by the Ninth Circuit, is whether the constitution prohibits a female guard from viewing an unclothed male inmate under circumstances where the identical viewing would be proper if the viewer was a male guard. I hold that it does not. So long as there is sufficient justification for a guard to view an unclothed male inmate, and the guard behaves in a professional manner, the gender of the guard is irrelevant. I emphasize that this case does not present the special concerns so eloquently articulated by the court in *Jordan v. Gardner,* 986 F.2d 1521 (9th Cir.1993) (en banc).

### CONCLUSION

Defendants' motion (# 11) to dismiss is granted.

IT IS SO ORDERED.